## Anderson-Stokes, Inc. v. Gensey

*Thomas J. Turczyn*, for plaintiff.
*Herbert G. Litvin*, for defendants.

KOCH, P. J., November 13, 1973.—We have for disposition plaintiff's motion for judgment on the pleadings in this action of assumpsit.

Judgment is sought on the ground that defendants' answer fails to conform to Pennsylvania Rule of Civil Procedure 1029(b) and 1029(c) which provides as follows:

"(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

"(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment,or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person."

The complaint avers that a mobile home was delivered to defendants pursuant to a written contract which was breached by defendants in that they failed to make payment of the balance due on the purchase price in the amount of $4,402 with interest from January 12, 1971. In the answer, defendants admitted the allegations concerning identity of the parties, the execution

of the contract and the delivery of the mobile home. The remaining paragraphs of the complaint averring defendants' breach of contract in each instance were answered as follows: "Denied and proof of same is demanded at the time of trial." It is obvious that these averments do not comply with the standards set forth in Pa. R.C.P. 1029(b) and 1029(c). See also 2A Anderson, Pa. Civ. Prac. §1029.8. We are obliged to grant the motion for judgment on the pleadings: Pa. R.C.P. 1034.

## ORDER

Now, November 13, 1973, plaintiff's motion for judgment on pleadings is granted and judgment is entered for plaintiff, Anderson-Stokes, Inc., and against defendants, Andrew A. Gensey and Veronica R. Gensey, in the amount of $4,202 with interest from January 12, 1971.